UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SYDNEY BENN,

      Plaintiff,

v.                                Case No.

DRIFTWOOD HOSPITALITY MANAGEMENT and

333 APPLETON CC PAYROLL, LLC,

d/b/a HILTON APPLETON PAPER VALLEY.

      Defendants.

## COMPLAINT

Sydney Benny, by her attorneys, Salawdeh Law Office, LLC, and Radtke Law Office, LLC alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for damages and relief for discrimination based on sex against Driftwook Hospitality Management ("Driftwood") and 333 Appleton CC Payroll, LLC under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. sec. 2000e (2)(a).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

Case 1:26-cv-01065-BBC    Filed 06/12/26    Page 1 of 9    Document 1

3. Venue in this Court is appropriate pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. §2000E-5(f)(3), and 28 U.S.C §1391, because the employment practices involved in this dispute occurred in Appleton, Wisconsin, and thus venue is proper in the Eastern District of Wisconsin, Green Bay Division.

## ADMINISTRATIVE PROCEEDINGS

4. Ms. Benny has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under Title VII of the Civil Rights Act and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

5. In particular, Ms. Benny filed a charge alleging discrimination and retaliation with the Equal Employment Opportunity Commission on August 14, 2024, within 300 days of the action complained of. The EEOC found cause to believe discrimination and retaliation occurred and attempted conciliation. By letter dated March 16, 2026, the parties were advised that conciliation efforts had not been successful and Ms. Benny received her Notice of Right to Sue. This lawsuit is timely filed within 90 days of that notice.

## PARTIES

6. Plaintiff Sydney Benny is an adult female citizen, currently residing in Omaha, Nebraska.

7. Ms. Benny worked at the hotel known as Hilton Appleton Paper Valley, located at 333 W. College Avenue, Appleton, WI.

8. Defendant Driftwood, is a hospitality management group that actively managed the day-to-day operations at the hotel, including hotel operations, staffing, and supervisory functions.

9. Defendant 333 Appleton CC Payroll, LLC ("Payroll, LLC") is the entity listed on Plaintiff's payroll stubs, and as such was her employer of record.

10. Defendants Driftwood and Payroll, LLC are a private employers within the meaning of the Civil Rights Acts of 1964, as amended, and have the capacity to sue and be sued in this Court.

11. At all relevant times, Defendants Driftwood and Payroll LLC were and are covered employers as that is defined in 42 U.S.C. sec. 2000e.

## BACKGROUND FACTS

12. Defendants hired Ms. Benny as a Bartender on or about June 22, 2022. Defendants later promoted her to Shift Supervisor on or about April 1, 2024.

13. Defendants first hired Edward Takacs in September 2023 to work as the Executive Chef. Defendants later promoted Mr. Takacs to the Food and Beverage Manager in November 2023.

14. After Defendants promoted Mr. Takacs to the position as the Food and Beverage Manager, Ms. Benny was required to often work directly with him.

15. Shortly after Defendants promoted Mr. Takacs to the position as the Food and Beverage Manager, Mr. Takacs began speaking to Ms. Benny in a manner that was offensive and degrading.

16. During the time Ms. Benny worked with Mr. Takacs as the Food and Beverage Manager, he frequently and persistently:

    a. Made comments about Ms. Benny's breasts;

    b. Made offensive and degrading comments about the shirts Ms. Benny wore;

    c. Made offensive and degrading comments about scents Ms. Benny wore; and

    d. Stared at Ms. Benny's breasts.

17. Ms. Benny found Mr. Takacs' statements and actions to be offensive and based on her gender.

18. Ms. Benny did not want Mr. Takacs to make statements about her body, her clothing, the scents she wore, or to stare at her breasts.

19. Mr. Takacs' comments upset Ms. Benny and interfered with her terms and conditions of employment at work.

20. On or about March 29, 2024, Ms. Benny complained about Mr. Takacs' sexually offensive conduct to Leslie DeStefano, a fellow bartender. Ms. DeStefano was later promoted to management.

21. Ms. DeStefano shared Ms. Benny's complaints with her husband, Martino DeStefano, Defendants' General Manager.

22. Mr. DeStefano then met with Mr. Takacs and told him to stop his sexually harassing conduct.

23. While Mr. Takacs did stop making comments about her breasts, he became very hostile toward her and called her a "bitch" when speaking with co-workers.

24. As Mr. Takacs' behavior became increasingly hostile to her since she had complained of his sexually offensive conduct, Ms. Benny decided she would complain to Human Resources. On or about June 4, 2024, Ms. Benny sought to speak with Director of Human Resources, William Lesser. As he was not in his office, Ms. Benny left him a letter summarizing her complaint. A photo of the note is attached as Exhibit A.

25. On or about June 5, 2024, Mr. Lessor stopped Ms. Benny in Defendants' lobby in front of guests and other staff to discuss the complaint she had left in his office. In speaking with Ms. Benny, Mr. Lessor focused on complaining to Ms. Benny for not bringing the issue to him sooner.

26. Ms. Benny shared with Mr. Lessor that she had previously complained to Defendants' General Manager. Mr. Lessor stated that as the General Manager no longer worked there, he was unable to speak with him.

27. One month later, Defendants terminated Ms. Benny. Defendants informed Ms. Benny that the reason for the decision was that she had told other employees about her complaint of sexual harassment against Mr. Takacs with human resources and cautioned other women to be careful around him due to his sexual harassment.

## **CLAIM FOR RELIEF – SEXUAL HARASSMENT**

28. Ms. Benny realleges and incorporates by reference herein the paragraphs above.

29. Defendants intentionally discriminated against Ms. Benny because of her sex and acted with malice and reckless indifference of her rights in violation of law by failing to stop and condoning sexual harassment after it learned of her complaint.

30. The discriminatory conduct of Defendants has caused and continues to cause Ms. Benny to suffer mental and emotional distress and inconvenience, as well as monetary losses.

31. Defendants knew or had reason to know that Ms. Benny was subject to a sexually hostile work environment.

32. Defendants failed to prevent and correct promptly the sexually hostile work environment.

33. Ms. Benny availed herself of protective and/or corrective opportunities provided by the Defendants.

34. Defendants failed to exercise due care in training and supervising its supervisory employees.

## CLAIM FOR RELIEF – RETALIATION

35. Ms. Benny realleges and incorporates by reference herein the paragraphs above.

36. Ms. Benny's complaints to Management and coworkers about Mr. Takacs unwelcome, sexual conduct was protected activity under Title VII of the Civil Rights Act of 1964.

37. Ms. Benny's termination was the result of her having complained about sexually offensive conduct in the workplace.

38. Defendants' decision to terminate Ms. Benny's employment because of her report of Mr. Takacs' sexual harassment and discrimination of her violated Ms. Benny's right to be free from retaliation in employment secured by Title VII of the Civil Rights Act of 1964, as amended.

39. Defendants' actions, which materially adversely changed the terms and conditions of Ms. Benny's employment because of her reports of Mr. Takacs' behavior to coworkers and Management violated her right to be free from

retaliation in employment secured by Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, in this cause of action, Ms. Benny prays for judgment against said Defendants as follows:

A. A declaration that she has been discriminated against on the basis of sex;

B. Lost pay as a result of Defendants' discriminatory and retaliatory decision to terminate her employment.

C. Compensatory damages against Defendants because of the physical and mental pain and distress and inconvenience caused by their discriminatory and retaliatory actions and failures to act;

D. Punitive damages because Defendants acted with malice and reckless indifference of Ms. Benny's rights;

E. Attorney fees, legal expenses, and costs incurred in obtaining relief and pursuing this action, and

F. Any other relief the Court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Dated:    June ___, 2026

Radtke Law Office, LLC

s/ *Sandra Graf Radtke*
Sandra Graf Radtke
15850 W. Bluemound Road, Ste. 300
Brookfield, WI 53005

T: 262-330-8120
F: 414-505-5113
E: radtkelaw@tds.net

Salawdeh Law Office, LLC

s/ *Rebecca L. Salawdeh*
Rebecca L. Salawdeh
7119 W. North Avenue
Wauwatosa, WI 53213
T: 414-455-0117
F: 414-918-4517
E: rebecca@salawdehlaw.com